# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARY GARRISON,**

                **Plaintiff,**

**-vs-**                                                              **Case No. 6:06-cv-1594-Orl-19DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the file. This action was initiated on October 13, 2006 (Doc. No. 1). On November 9, 2006, following denial of Plaintiff's motion to proceed *in forma pauperis,* Plaintiff paid the filing fee. On June 26, 2007, the Court issued an Order to Show Cause why sanctions, including dismissal, should not be imposed for failure to prosecute, as the docket reflected no activity since November 9th, and no proof of service had been filed. Plaintiff has responded to the show cause Order (Doc. No. 7). It is **respectfully recommended** that the action be **dismissed** for failure to comply with Rule 4(m), Federal Rules of Civil Procedure.

In her response to the Order to show cause, Plaintiff contends that it is the *Clerk's* fault that Plaintiff did not serve Defendants, asserting that:

> Typically, in matters involving an appeal of an adverse decision by the Commissioner of Social Security, upon denial of a plaintiff's motion for leave to proceed in forma pauperis, the Clerk of the U.S. District Court has automatically issued the summonses provided by the plaintiff's counsel at the time the complaint is filed. The Clerk has then sent the plaintiff's counsel the issued summonses for use in serving the complaint to named parties.

> In the instant matter, the Plaintiff's counsel provided the unexecuted summonses to the Clerk on 10/10/06, which summonses accompanied the Complaint and other initiating documents. However, the Plaintiff's counsel never received the issued Summons from the Clerk. Therefore, the Plaintiff's counsel has not served the Complaint on the Defendant and other necessary parties. According to the docket, the Clerk received the completed Summonses and placed them on the left side of the file on 10/16/06.

(Doc. No. 7).

Even assuming that the Clerk's office has a policy of automatically issuing process, *and* that the Clerk did not do so here, counsel fails to acknowledge that it is his responsibility, not the Clerk's, to see that the summons is issued and to assure timely service of the same. This is especially so considering that more than *seven months* have passed since counsel paid the filing fee, and there is no showing that he made any inquiry as to the summonses. To the extent the Clerk erred, such an error could have and should have been timely rectified upon counsel's attendance to his *non delegable* duty to prosecute the case. Indeed, there is no showing that the Clerk prevented counsel from making such an inquiry, from tendering another set of summonses, nor from filing a timely motion to extend the time for service of process. Rather, the record reflects no activity whatsoever; despite the ticking of the service clock. Thus, there is no showing that the failure to timely serve Defendant was due to anything other than counsel's own neglect of duty.

Rule 4(m), Federal Rules of Civil Procedure, provides that the Court should dismiss an action without prejudice, if service is not made upon Defendant within 120 days of filing the complaint, or the Court may order that service be effected within a specified time. The Rule also directs the Court to extend the time for service, if the Plaintiff shows good cause for the failure to timely serve. Thus: "Where good cause is shown, a court must extend the time for service; however, in the absence of a showing of good cause, a court may, in its discretion, either allow an extension or dismiss the case

without prejudice." *In re Dyer* 330 B.R. 271, 275 -276 (Bkrtcy. M.D. Fla. 2005) (internal citations omitted). Relief may be justified in the absence of good cause under certain circumstances, for example, "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Horenkamp v. Van Winkle and Co., Inc.,* 402 F.3d 1129, 1132 (11th Cir. 2005) (citing Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments).

As this court has recently noted, good cause under Rule 4(m) exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevent service." *Jimenez v. Tony B's Painting Tile & Renovations, Inc,* 2007 WL 1296050, 2 (M.D. Fla., 2007). Here, the failure to serve was due to counsel's neglect, and as such, no good cause is shown. Nor does this Court find that this case warrants an extension in the absence of good cause. There is no showing that Defendant is evading service or is in any way responsible for the delay. Moreover, while there may be a limitations issue, Plaintiff's counsel has failed to make this argument. Indeed, counsel has made no argument that Plaintiff is entitled to an extension, but merely assumes that the Court will issue same.

It is **respectfully recommended** that the complaint be **dismissed,** without prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 2, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy