UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARY GARRISON,**

        **Plaintiff,**

**-vs-**                                                                                 Case No. 6:06-cv-1594-Orl-19DAB

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____

## ORDER

This case comes before the Court on the following:

1.     The Report And Recommendation of the Magistrate Judge (Doc. No. 8, filed July 2, 2007); and

2.     Plaintiff's Objection To Magistrate Judge's Report And Recommendation (Doc. No. 9, filed July 11, 2007).

### Background

The instant case seeks review of a final determination of the Commissioner of Social Security. (Doc. No. 1). Plaintiff filed her Complaint together with a Motion For Leave To Proceed *In Forma Pauperis* on October 10, 2006. (Doc. Nos. 1 & 2). Eight days later, the Magistrate Judge denied Plaintiff's motion without prejudice because she failed to provide any information about her employment history and financial status. (Doc. No. 4). The Magistrate Judge directed Plaintiff's counsel to renew the motion within eleven days and also instructed counsel to review the *In Forma Pauperis* application before resubmitting it to the Court. (*Id.*). In spite of the Magistrate Judge's clear instructions, counsel failed to

renew Plaintiff's Motion For Leave To Proceed *In Forma Pauperis* and failed to perfect service of process. (Doc. No. 6).

Over eight months later, the Magistrate Judge entered an Order directing Plaintiff to show cause why this case should not be dismissed for failure to prosecute. (*Id.*). In response to the Magistrate Judge's Order To Show Cause, counsel indicated that he had not yet served the Complaint on Defendant because he never received the issued Summons from the Clerk of Court. (Doc. No. 7, p. 2). According to counsel, it has been the practice of the Clerk to automatically issues summonses that were provided at the time the Complaint was filed once an *In Forma Pauperis* application has been denied by the Court. (*Id.* at 1-2).

On July 2, 2007, the Magistrate Judge recommended that this case be dismissed for Plaintiff's failure to timely perfect service of process as required by Federal Rule of Civil Procedure 4(m). (Doc. No. 8). The Magistrate Judge noted that counsel's response rests upon the actions of the Clerk of Court and fails to acknowledge counsel's own professional duty to ensure the timely prosecution of each case entrusted to his care. (Doc. No. 8, pp. 1-2). Because there was no showing that Plaintiff attempted to pursue this case within the time required to perfect service,[1] the Magistrate Judge recommended that the case be dismissed. (*Id.* at 2-3).

Plaintiff timely objected to the Report and Recommendation because dismissal in this case would bar any further review of her claims. (Doc. No. 9, p. 2). In her objection,

---

[1] As noted by the Magistrate Judge, Plaintiff's Response fails to raise any issue but that of counsel's own neglect, which is not good cause sufficient to warrant an extension to serve process. (Doc. No. 8, pp. 2-3).

Plaintiff's counsel admitted "full responsibility for failing to timely perfect service of process in this matter" and acknowledged "that obtaining the Clerk's issuance of summonses is ultimately the Plaintiff's responsibility." (*Id.* at 1-2). Then, counsel contends, for the first time, that it would be inequitable to dismiss this case as Plaintiff would then be barred from judicial review of the Commissioner's determination. (*Id.* at 2).

**Standard of Review**

When reviewing a dispositive matter decided by a Magistrate Judge, this Court must conduct a *de novo* determination of those portions of the Magistrate Judge's finding and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(B); *Marshall County Bd. of Ed. v. Marshall County Gas Dist.*, 992 F.3d 1171, 1174 (11th Cir. 1993). Under Section 636(b)(1)(B), the court "may accept, reject, or modify, in whole or in part [the Magistrate Judge's] findings and recommendations, and may also receive further evidence." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

**Analysis**

The complacency of Plaintiff's counsel has placed the Court in an untenable position. On the one hand, this case should be dismissed because of counsel's failure to timely serve process on Defendant as recommended by the Magistrate Judge. The actions of counsel, which are detailed above, evince a lack of supervision of this case and may be violations of the Rules Regulating The Florida Bar. *See, e.g.*, R. REGULATING FLA. BAR 4-1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); *id.* 4-3.2 ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."). Such actions also do not form any basis to extend the time to

perfect service of process. *See Jimenez v. Tony B's Painting Tile & Renovations, Inc.*, 2007 W.L. 1296050, *2 (M.D. Fla. 2007).

On the other hand, if the Court were to dismiss this case because of the vagaries of Plaintiff's counsel, judicial review of her claim would be barred.[2] If counsel had brought that fact to the attention of the Magistrate Judge, then perhaps he would not have recommended dismissal of this case. Counsel did not do so, and the Court is inclined to leave Plaintiff with whatever remedies she may have against her counsel. The Court is mindful, however, of the limitations and difficulties of that course of action.

After weighing these outcomes, the Court concludes dismissal of this case should not be ordered given that Plaintiff has shown good cause for the purpose of extending the time in which to serve process under Rule 4(m). *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (holding good cause is shown where the time to assert a claim has expired). Counsel is admonished for failing to properly supervise the instant case and diligently represent his client, and the Court warns counsel that subsequent instances of misconduct may result in his referral to a Grievance Committee of this Court or to The Florida Bar. *See* LOCAL R. 2.04.

Based on the foregoing, the Court **OVERRULES** the Report And Recommendation of the Magistrate Judge (Doc. No. 8) and **ADOPTS** Plaintiff's Objection To Magistrate

---

[2] The instant case seeks review of a final determination of the Commissioner of Social Security. (Doc. No. 1). As such, Plaintiff must initiate suit within sixty (60) days of receipt of the letter informing her of the decision. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). The letter in this case is dated August 18, 2006, and there no indication when Plaintiff actually received the letter. (*See* Doc. No. 1). There is a presumption in these circumstances that Plaintiff received the letter within five (5) days of its date. *See, e.g.*, 20 C.F.R. 422.210(c). Thus, although this case was timely when it was filed with the Court on October 13, 2006, the time period for filing suit has since expired.

Judge's Report And Recommendation (Doc. No. 9). Plaintiff shall file with the Court proof of service of Defendant within twenty (20) days of the date of this Order. Failure to comply with this Order shall result in dismissal of this action without further notice.  Counsel should not make application for payment of any fees concerning the entry of the Report and Recommendation to which objection was filed and the instant Order in the event payment of such fees becomes an issue.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 3, 2007.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record