# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARY GARRISON,**

**Plaintiff,**

-vs-                                                    Case No.  6:06-cv-1594-Orl-19DAB

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's denial of Plaintiff's applications for a period of disability and Disability Insurance Benefits and for Supplemental Security Income.  For the reasons set forth herein, it is **respectfully recommended** that the decision of the Commissioner be **affirmed**.

### PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits and for Supplemental Security Income and both claims were denied initially, and upon reconsideration (R. 46, 268, 39, 265, 36, and 262).  Plaintiff then requested and received an administrative hearing before an Administrative Law Judge (herein "the ALJ") (R. 301).  On June 15, 2006, the ALJ issued an unfavorable decision (R. 11).  On August 18, 2006, the Appeals Council declined Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner (R. 6).  Plaintiff timely filed the instant action (Doc. No. 1), and the matter is now fully briefed and ripe for resolution.

### NATURE OF THE DISABILITY CLAIM

Plaintiff alleges disability beginning August 17, 2001, due to "hearing [loss], hernia, arm and leg problems, hyperthyroidism" (R. 51, *see also* 308-09, 314).

*Evidence Before the ALJ*

Plaintiff was fifty five years old at the time of the hearing decision (R. 14-23, 46), with a high school education and additional computer training (R. 57, 306).  Her past relevant work experience included work as a customer service representative, a retail department manager, and a restaurant owner (R. 80-86, 307-8).

The medical evidence is set forth in the administrative decision, and the Court will endeavor to protect Plaintiff's privacy by discussing that evidence only to the extent necessary herein.  By way of summary, in November 1996, well before the alleged disability onset date, Plaintiff had aorto-bifemoral bypass surgery due to peripheral vascular disease in her legs (R. 134-40).  Following surgery, she reportedly recovered well and was able to walk without pain (R. 133).  She developed an incisional hernia, however, which was repaired with a mesh screen in 1997 (R. 133).  She had a recurrence in 2000 and underwent surgery in September 2000 for repair of a massive ventral incisional hernia (R. 147-56).  She did well following surgery and was released to return to work in October 2000 (R. 157-58).

The medical records indicate that Plaintiff has been treated for diverticulitis (R. 237).  She was hospitalized for abdominal abscess in June 1999, and improved with antibiotics (R. 236-7).  In September 2000, Plaintiff underwent a colonoscopy that revealed diverticulosis and a large polyp, which was removed (R. 143-46).  Plaintiff complained about abdominal pain/Crohn's disease periodically to her treating physician (R. 221-26, 236-7, 295), and was treated with medications.  In March 2004, Plaintiff had a flare-up of diverticulitis that caused a partial obstruction of her small

bowel (R. 184-93).  She was hospitalized and the condition apparently improved (R. 184-93).  By April 2004 visit to her treating physician, she reported feeling better (R. 219).

Plaintiff has complained of skeletal pain and headaches (R. 217, 219, 221, 294).  She has also sought treatment for right elbow pain and low back pain (R. 195), as well as coughing and breathing difficulties related to her tobacco use.  Additionally, Plaintiff has a congenital sensorineural hearing loss with "cookie bite" deformity (R. 165).  Hearing aids significantly improved her ability to hear (R. 165).

Plaintiff underwent a consultative examination by Dr. Nitin Haté on April 8, 2004 (R. 203-05). Examination showed a normal gait, straight leg raising was negative bilaterally, and muscle strength and grip strength was normal.  Range of motion was reduced in the thoracolumbar spine and full in all other joints.  X-rays of the elbows were unremarkable.  Impression was bilateral sensorineural hearing loss; status post left elbow fracture and suspected fracture of the right elbow about one year ago, now healed, but continues to experience pain; low back pain with normal neurological examination, however degenerative disc disease could not be ruled out; and a history of sigmoid resection (R. 205).  Dr. Haté stated that Plaintiff would have difficulty with strenuous activity and repetitive stooping, squatting, and weight lifting (R. 203-05).

Plaintiff appeared and testified at her hearing, as did a Vocational Expert.

In her decision, the ALJ determined that Plaintiff had the impairments of low back pain, history of bowel obstruction, hearing loss and history of Crohn's disease, but that these impairments were not severe enough to meet or medically equal the Listings (R. 18).  The ALJ found that despite her impairments, Plaintiff would be able to perform light work requiring only occasional postural

maneuvers and accommodating her hearing loss (R. 14-23), and, as a vocational expert identified jobs Plaintiff could perform with those limitations, Plaintiff was found to be not disabled (R. 20-23).

### STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. Title 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir.1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### ISSUES AND ANALYSIS

Plaintiff raises only one objection to the decision; contending that the ALJ failed to properly perform a pain analysis as the ALJ did not have substantial evidence to discredit Plaintiff's pain

testimony.  The Commissioner disagrees, asserting that the analysis was appropriate and adequately supported.

### The Analysis of Pain Allegations

Pain is a non-exertional impairment.  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  Under the applicable rules and regulations, the ALJ must consider all of a claimant's statements about his or her symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, 67 F.3d at 1560, *quoting Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  Pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the

testimony be accepted as true. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545

(11th Cir. 1988).

Applied here, the ALJ set forth a detailed summary of Plaintiff's testimony and allegations

of her pain (R.18), and found as follows:

> The claimant's testimony and other reports reflect that she lives a functional lifestyle,
> which is consistent with the medical evidence.  At the hearing, claimant testified that
> she . . . drives her mother's car. The claimant reported that she can take care of her
> personal hygiene and that she gets up, gets coffee, moves around a little, watches
> television and tries to do laundry.  She also said that she visits her mother.  On
> February 11, 2004, the claimant reported in an activity of daily living questionnaire
> , that she prepared her own meals, did her grocery shopping, did small loads of
> laundry, did the dishes, and did basic straightening up.  She also reported that she
> managed her own money and that she visited with friends or relatives. . . Activities
> and reports such as these are inconsistent with her allegations of incapacitating
> limitations.

(R. 19).

The ALJ noted that Plaintiff does have medical impairments, but noted, among other things:

> - "Although the claimant complained of stomach pain, she has had only one
> to two episodes of diverticulosis attacks. She underwent total colonoscopy on
> September 14, 2000, and she received treatment (Exhibit 2F)" (R.19);

> - "As for her hernia, she underwent open ventral incisional hernia repair on
> September 25, 2000 (Exhibit 3F). A report dated October 25, 2000, revealed that she
> had no evidence of recurrent herniation and the doctor reported she was doing well
> (Exhibit 5F)." (R. 19).

The ALJ also noted that Plaintiff's allegations of back pain were not substantiated by any x-

rays or by the near normal consultative examination, and her chest congestion was said to be related

to her tobacco use.  As for her hearing loss, the ALJ noted that hearing aids significantly improved

her ability to hear, and Plaintiff had also learned to lip read.  Finally, the ALJ noted that Plaintiff had

no treatment from October 2002 through April 2004 from her treating physician (R. 19).  Thus, the

ALJ concluded that "the claimant does have an impairment that limits her as she does have some

restrictions of daily living" but "the clinical findings resulting from these impairments do not appear to be of a degree capable of producing limitations of incapacitating proportions" (R. 19).

The ALJ applied the pain standard, by noting that Plaintiff had underlying medical conditions at step one, but determining that Plaintiff did not meet either step two or step three of the standard. The ALJ gave a detailed rationale for that finding, noting Plaintiff's functional lifestyle and citing to the medical records, and the rationale is supported by the cited evidence.

Plaintiff's first objection appears to be that the ALJ did not give more weight to *other* evidence, noting, for example, that while Plaintiff did state she could drive, she only drove short distances. Similarly, Plaintiff could do housework, but only "light" housework and only "slowly." This objection is without merit. The ALJ set forth Plaintiff's allegations in depth, and discredited allegations of incapacitation, as set forth above. There is no requirement that a finding must be supported by *unanimous* evidence, and it is not the task of the reviewing court to re-weigh the evidence, in any event. Indeed, where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir.1991).

Plaintiff next challenges as inaccurate the ALJ's assertion that "claimant had only 'one or two attacks of diverticulosis' and only one ventral incisional hernia repair surgery in 9/00." (Brief at 8). This objection is without merit. Although Plaintiff did have prior surgeries, the ALJ did not state otherwise and in fact discussed the medical records from 1996 on, even though many of the records

pre-date the alleged onset.  It is worth noting that Plaintiff was released to work after her 1997 and 2000 surgeries.

Finally, Plaintiff asserts that the ALJ erred in that activities of daily living cannot disqualify her from receiving disability, citing *Lewis v. Callahan,* 125 F.3d 1436 (11th Cir. 1997) (participation in everyday activities of short duration, such as housework or fishing, does not disqualify a claimant from disability).  As noted above, however, the ALJ did not simply rely on Plaintiff's self-described activities.  Rather, the ALJ examined and discussed the entire record, and noted that Plaintiff lives a functional lifestyle "that is consistent with the medical evidence."  There is no error.

### CONCLUSION

The ALJ's decision was made in accordance with appropriate legal standards and is supported by substantial evidence.  As such, it is **respectfully recommended** that it be **AFFIRMED.**  If this recommendation is adopted, the Clerk should be directed to enter judgment accordingly and to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 3, 2008.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy